## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARIA GOICOCHEA,       :
Inmate No. 99070047,      :    PRISONER HABEAS CORPUS
      Petitioner,       :    28 U.S.C. § 2241
                      :
      v.             :    CIVIL ACTION NO.
                      :    1:17-CV-1066-TWT-JSA
BUTCH   CONWAY,  Sheriff,   :
Gwinnett County Detention Center,  :
      Respondent.      :

## <u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>

Petitioner Maria Goicochea, a pre-trial detainee at the Gwinnett County Detention Center, filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter is presently before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").[1] Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

---

[1] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

Petitioner complains about the fact that she has not received bond and that an immigration hold has been placed on her based solely on her ethnicity. (Doc. 1). Petitioner asks this Court to establish a reasonable amount of bond for her.

A federal habeas corpus petition generally may be brought to challenge detention that violates "the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas corpus relief is only available before trial in limited circumstances – *i.e.*, to enforce rights that cannot adequately be addressed during the regular trial, appeal, and post-conviction review process. *Tooten v. Shevin*, 493 F.2d 173, 175-76 (5th Cir. 1974).[2] *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-90 (1973) (holding that petitioner could bring pre-trial habeas challenge for the violation of his right to a speedy trial and "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial"). The Eighth Amendment prohibits excessive bail, and pre-trial habeas is available to challenge excessive bail. *Stack v. Boyle*, 342 U.S. 1, 5-6 (1951). This Court, however, cannot grant federal review of any alleged excessive bail until Petitioner has exhausted her state court

---

[2] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

AO 72A
(Rev.8/82)

remedies. *See* 28 U.S.C. § 2254(b)(1); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (holding that the exhaustion requirement applies to all habeas corpus actions). *See also Stack*, 342 U.S. at 5-6 (requiring exhaustion of remedies for pretrial commitment and bail matters); *Torres v. Jones*, 453 F.2d 1370 (5th Cir. 1972) (affirming district court's denial of habeas relief on bail claim when available state remedies had not been exhausted).

In a Georgia criminal action, a defendant may move to reduce bail and pursue a pre-trial interlocutory appeal of the bail decision. *See Howard v. State*, 399 S.E.2d 283 (Ga. Ct. App. 1990). Georgia law also provides for pre-trial habeas corpus and mandamus petitions, generally restricted to matters that cannot be raised in the pending prosecution. *See* O.C.G.A. § 9-14-1(a) (habeas corpus); O.C.G.A. § 9-6-20 (mandamus). It appears that state habeas relief is available, in some circumstances, to challenge pre-trial bond issues. *See Rainwater v. Langley*, 587 S.E.2d 18, 19 (Ga. 2003) (reviewing challenge to denial of bail and stating that "[h]abeas corpus will lie to determine whether bail is so excessive as to amount to a refusal to grant bail . . . to the extent that . . . petition can be construed to challenge a failure to set bail, pretrial habeas corpus is a proper remedy"); *Rawls*

AO 72A
(Rev.8/82)

*v. Hunter*, 475 S.E.2d 609 (Ga. 1996) (reviewing denial of pre-trial mandamus and habeas corpus petition challenging denial of bond).

Petitioner has not exhausted her state remedies by seeking interlocutory review of the trial court's bail decision, or by filing a state petition for mandamus. District courts generally should not *sua sponte* dismiss a habeas petition for failure to exhaust state remedies, *Prather v. Norman*, 901 F.2d 915, 918 (11th Cir. 1990), but may do so where "requiring the petitioner to return to state court to exhaust [her] claims serves an important federal interest." *Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995). Requiring Petitioner to exhaust her claims in the state courts serves important federal interests of comity and judicial efficiency because presenting those claims to the state courts may moot the need for federal habeas relief or, at a minimum, focus the factual and/or legal issues underlying the claims. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) ("If . . . the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the [federal] court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").

4

To the degree that Petitioner complains about the immigration detainer issued against her, this Court also cannot review that complaint. Indeed, Petitioner is incarcerated at the Gwinnett County Detention Center and is not in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), and the mere fact that ICE issued an immigration detainer against Petitioner does not render her so. *See Louis v. Secretary, Fla. Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013) ("An ICE detainer, standing alone, is generally insufficient to establish ICE custody."); *Gonzales-Corales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013) ("Although 'challenges to detainers may . . . be brought under § 2241' in certain circumstances, '[t]he filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come within the custody of [immigration officials].'") (quoting *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990)). Because Petitioner is not in ICE custody, this Court lacks subject matter jurisdiction over her claim. *See, e.g., Arnold v. United States Atty. Gen.*, 422 F. App'x 793, 795 (11th Cir. 2011) ("In this case, the district court properly concluded that it lacked subject matter jurisdiction to consider the Arnolds' petition because the Arnolds were not in the 'custody' of immigration officials at the time of the filing."); *Orozco v. United States I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990) (dismissing § 2241 petition

challenging immigration detainer where alien was incarcerated on state charges when he filed the petition).

II.     Conclusion

       For the foregoing reasons, **IT IS RECOMMENDED** that the instant § 2241 petition be dismissed for Petitioner's failure to exhaust her state court remedies and for lack of subject matter jurisdiction.

       The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

       **IT IS SO RECOMMENDED** this 8th day of August, 2017.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)